**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

**CIVIL ACTION NO. 13-167-DLB**

**CHARLES LEWIS BIRCH**                                                              **PLAINTIFF**

**VS.**                     **MEMORANDUM OPINION & ORDER**

**CAROLYN COLVIN, Commissioner of
the Social Security Administration**                            **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**I.     INTRODUCTION**

This matter is before the Court on Plaintiff and Defendant's cross-motions for summary judgment (Docs. # 15 & 17). For the reasons stated below, the Court will uphold the Commissioner's decision.

**II.    FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Charles Lewis Birch, a resident of Winchester, KY, has suffered since birth from symptoms related to congenital anal atresia. Among those symptoms is episodic fecal incontinence, which Plaintiff managed successfully for much of his life. He was last employed at S&S Tire in Lexington, KY, where he loaded and unloaded tires and maintained the company's warehouse, (Doc. # 7-1, at 41), but hasn't worked since an October 2011 heart attack left him fatigued, depressed, and with significantly worsened fecal incontinence. (Doc. # 7-1, at 33). Since his heart attack, Plaintiff alleges that he suffers from multiple onsets per day of fecal incontinence. (*Id.*) This often prevents him

1

from leaving the house.

On November 10, 2011, Plaintiff applied for social security disability, disability insurance, and supplemental security benefits under the Federal Social Security Act. He alleged disability based on the following conditions: heart attack, coronary artery disease, and low injection fraction. (Doc. # 7-1, at 49). That application was denied initially on April 30, 2012, and upon reconsideration on July 11, 2012. Plaintiff then appeared before Administrative Law Judge (ALJ) Karen R. Jackson on March 14, 2013, where he was represented by counsel.

Despite Plaintiff's condition, the ALJ found, in a March 29, 2013 written opinion that Plaintiff was not entitled to benefits. His claims of fecal incontinence did not constitute a "severe" impairment as defined under agency regulations, and although the ALJ found that some of his impairments were severe–coronary artery disease, among others–these impairments did not preclude Plaintiff from performing some type of work. (Doc. # 7-1, at 15 & 20-21). After Plaintiff's agency appeals were rebuffed, he brought the present action in federal court on June 5, 2013. (Doc. # 1).

Plaintiff initially sought a remand of the action, on the theory that new medical evidence required that the ALJ revisit his determination. (Doc. # 10). The Court rejected that argument in a short order issued on February 12, 2014. (Doc. # 14). In his present motion, Plaintiff argues that the ALJ erred in finding that his fecal incontinence does not qualify as a severe impairment. (Doc. # 15-1, at 1). Further, he repackages his argument that new medical evidence necessitates a remand to the agency. (*Id.* at 8).

### III. ANALYSIS

#### A. Standard of Review

The Court's review is limited to determining whether the Commissioner's decision followed proper legal standards and whether the Commissioner's findings are supported by substantial evidence . *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Under this deferential standard, courts will not substitute their judgment for that of the ALJ. *Id.* The Court does not resolve evidentiary conflicts or decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Interpretations of statutes and agency regulations are questions of law, which the Court will review de novo. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

#### B. The five-step process

In deciding whether to award disability benefits, the ALJ must proceed through a five-step analysis. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). At step one, the ALJ determines whether the applicant is gainfully employed. 20 C.F.R. § 404.1520(b). At step two, the issue is whether the applicant suffers from severe physical or mental impairments. *Id.* at § 1520(c) . Assuming the answer is yes, the ALJ then considers whether the applicant's impairments are among those listed in Social Security regulations, such that the applicant is presumed disabled. *Id.* at § 1520(d).

If a claimant's impairments fail to qualify as a listed impairment under agency regulations, the ALJ must then prepare a residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This RFC is used at both steps four and five of the decision making process. *Id.* at § 1520(a)(4). At step four, the ALJ decides, in light of the RFC, whether the

claimant can perform any past relevant work.  *Id.* at § 1520(a)(4)(iv).  If so, then the claimant is not eligible for benefits.  *Id.*  If not, the ALJ then considers alternative work the claimant could do, and evaluates whether enough of that work exists in the national economy to preclude an award of disability benefits.  *Id.* at § 1520(a)(4)(v).  This fifth and final step is based in part on the RFC, which guides the ALJ regarding the type of work the claimant might be able to perform.  *Id.*

The present motions present only one substantive issue for the Court: whether the ALJ erred in determining, at step two, that Plaintiff's fecal incontinence is not a severe impairment.

### C. The ALJ appropriately found that Plaintiff's fecal incontinence was not a severe impairment.

On appeal, Plaintiff argues that the ALJ ignored evidence of Plaintiff's fecal incontinence, and that, consequently, the ALJ's determination that Plaintiff's impairment was not "severe" was unsupported by substantial evidence.  The Court disagrees.

At step two of the evaluation process, the ALJ must determine whether the claimant suffers from a "severe" impairment and cannot award benefits if not.  Agency regulations define a "severe" impairment as that "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520©. As the Sixth Circuit has held, "Under the prevailing de minimis view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).  To satisfy this de minimis standard, a claimant need only show some evidence in the "objective medical record" suggesting that an ailment "significantly affected" her ability to work.  *Higgs*, at 863.

4

In *Higgs*, the Sixth Circuit held that a claimant failed to carry this burden when he provided evidence of only intermittent doctor's visits and treatments, none of which suggested a condition severe enough to prevent gainful employment. *Id.* Notably, the "mere diagnosis" of a condition "says nothing about the severity of the condition." *Id.*

Plaintiff has failed to carry that burden in this case, as well. As the ALJ thoroughly documented, evidence of Plaintiff's illness appears intermittently in the record–a colonoscopy in 2001; treatment records from 2005 and 2012; a 2013 letter from a physician after the ALJ hearing. None of these pieces of the record constitute objective evidence that Plaintiff suffers from a debilitating impairment. The closest–the March 18, 2013 letter from Dr. Charles Burchett–is unsupported by any medical testing or evaluation. This will not do. The ALJ had precious little evidence of the debilitating effects of Plaintiff's ailments. If Plaintiff's incontinence was so severe, then objective medical evidence would indicate as much. Plaintiff had no apparent problem accessing medical treatment and his treatment records are entirely consistent with the view that Plaintiff's incontinence was a mild–but not severe–impairment. Were there any evidence other than Plaintiff's words to contest this assessment, there might be cause to doubt the ALJ's conclusions. As it is, however, those conclusions were supported by substantial evidence.

In his memorandum, Plaintiff asserts that the ALJ confuses diarrhea with fecal incontinence. That is not the Court's reading of the record. As the Court sees it, the ALJ considered diarrhea as evidence of fecal incontinence. The "absence of any mention of these problems" suggested to the ALJ that Plaintiff's claims of incontinence were overstated. (Doc. # 7-1, at 17). This is an entirely appropriate judgment.

5

The current record cannot bear an interpretation that Plaintiff is severely impaired. Plaintiff essentially admits as much when he notes that "[t]he ALJ is correct when she writes there is no explicit mention of incontinence in current records." Yet without any mention of incontinence in the record, Plaintiff cannot do what the Sixth Circuit requires: carry the "burden to prove the severity of [his] impairments." *Higgs*, at 863. Plaintiff's burden may be minimal, but it is a burden, nonetheless. And in this case, Plaintiff has not carried it.

**D.    The Court will not remand the case for consideration of new evidence because "good cause" does not justify omission of that evidence in the first place.**

The Court can consider new evidence for purposes of remanding the case to the agency "if a claimant shows that the evidence is...material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). The Court will not consider whether the evidence was material here, as it is certain that claimant has not shown good cause for omitting it from the prior proceeding.

*Cline* is instructive, as it shows just how strict the requirement of "good cause" is. It is not enough that a claimant lack access to certain evidence, or that the claimant have failed to obtain it promptly. In *Cline*, the Sixth Circuit rejected a psychiatric evaluation of a disability claimant, offered as evidence after the ALJ had already rendered a decision. *Cline*, 96 F.3d at 148. Good cause didn't justify the plaintiff's failure to present that evidence, because counsel presumably knew that the evaluation was needed but didn't even notify the ALJ of that fact. *Id.* at 149. If evidence might prove useful to the ALJ, the

6

claimant must offer that evidence before the ALJ makes up her mind.

Plaintiff failed to do that here: his brief lacks any explanation for what prevented submission of further medical evidence to the ALJ. The absence of any justification is alone enough to deny Plaintiff's request for a remand, but it is telling that Plaintiff informs the Court that "[t]he deterioration of his functioning was not something he realized he needed to document with a physical exam." The Court appreciates Plaintiff's candor. Yet if anything is clear from agency regulations, it is that disability claimants must "document"–as in, provide evidence for–their claims. Otherwise, neither the agency nor the Court has any reason to award disability benefits. Plaintiff's failure to realize that he must actually document his physical impairments does not constitute good cause.

Plaintiff's conduct here smacks of an effort to beat the system. Medical care should primarily be used to diagnose and treat illness–not to buttress disability claims. The Court finds it hard to believe that Plaintiff suffers from a debilitating illness but sought specialized medical attention only after receiving a negative disability determination. If Plaintiff's ailments are severe enough to prevent gainful employment, objective medical evidence of those ailments should not be difficult to acquire.

Plaintiff is free to reapply for disability benefits, but the present application cannot succeed.

**IV    CONCLUSION**

For the reasons stated above, the Commissioner's decision was supported by substantial evidence and followed proper legal standards. Accordingly, **IT IS ORDERED** that:

(1) The decision of the Commissioner is hereby **AFFIRMED**.

(2) Plaintiff's Motion for Summary Judgment (Doc. # 15) is **DENIED**.

(3) Defendant's Motion for Summary Judgment (Doc. # 17) is **GRANTED**.

(4) A Judgment in favor of the Commissioner will be entered contemporaneously herewith.

This 4th day of June, 2014.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\Lexington\5-13-167 Birch MOO.wpd